UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| IN RE:<br><br>Eric W. DeBeaucourt and Bonny C. DeBeaucourt | |
|---|---|
| JPMorgan Chase Bank, N.A.,<br><br>VS.<br><br>Eric W. DeBeaucourt and Bonny C. DeBeaucourt | CHAPTER 13<br>CASE NO. 08-44040-HJB |

## MOTION FOR RELIEF FROM STAY

To the Honorable Henry J. Boroff:

JPMorgan Chase Bank, N.A., your moving party in the within Motion, hereby requests that the Court grant relief from the Automatic Stay imposed by 11 U.S.C. 362 and any applicable Co-debtor Stay imposed by 11 U.S.C. §1301 and respectfully represents:

1. The movant has a mailing address of 3415 Vision Drive, Columbus, OH 43219.

2. The debtors, Eric W. DeBeaucourt and Bonny C. DeBeaucourt, have a mailing address of 10 John Riley Road, Ayer, MA 01432.

3. On December 11, 2008, the debtors filed a petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts.

4. The debtors' Chapter 13 plan has not was confirmed on July 13, 2009.

5. The movant is the holder of a first mortgage on real estate in the original amount of $327,200.00 given by Eric W. DeBeaucourt and Bonny C. DeBeaucourt to JPMorgan Chase Bank, N.A. on or about September 11, 2007.  Said mortgage is recorded with the Middlesex County

(Southern District) Registry of Deeds at Book 50084, Page 46 and covers the premises located at 10 John Riley Road, Ayer, MA 01432. A copy of the mortgage is annexed hereto and marked as Exhibit 'A'.

6. Said mortgage secures a note given by Eric W. DeBeaucourt and Bonny C. DeBeaucourt to JPMorgan Chase Bank, N.A. in the original amount of $327,200.00.

7. There is no other collateral securing the obligation.

8. The mortgage was not assigned.

9. A Declaration of Homestead was recorded with the Middlesex County (Southern District) Registry of Deeds on September 11, 2007 at Book 50084, Page 74.

10. As of September 23, 2009, approximately $328,894.24 in principal, interest, late fees and other charges was due with regard to the note and mortgage.

11. There are the following encumbrances on the property:

| Name of Creditor | Type of Lien | Amount Owed |
|---|---|---|
| JPMorgan Chase Bank, N.A. | First Mortgage | $328,894.24 |
| Chase Home Finance, LLC | Home Equity Loan | $41,141.00 |
| Total Secured Encumbrances: | | $370,035.24 |

12. The pre-petition arrearage is $1,191.46.

13. According to the debtors' schedules, the fair market value of the subject property is $313,000.00. The liquidation value of the subject property is $292,292.72, calculated as the fair market value less a reasonable realtor's fee (6%); deed stamps ($1,427.28) and anticipated costs incurred for a real estate closing of $500.00.

14. The debtors have no equity in the property.

15. The debtors have failed to remain current with the post-petition payments to JPMorgan Chase Bank, N.A..

16. The note and mortgage are in default for the August 1, 2009 payment and all payments

thereafter, plus reasonable attorney's fees and costs and other charges incurred by the movant.

17.    The total post-petition arrearage due as of September 23, 2009 is $4,963.18, excluding attorney's fees and costs. As a result of this motion, attorney's fees and costs of approximately $ have accrued. This figure may increase as additional attorney's fees and costs continue to accrue.

18.    The total post-petition arrearage through the anticipated hearing on this motion would also include any additional monthly mortgage payments in the amount of $2,481.59, which payments are due on the first of every month. The post-petition arrearage would also include any additional expenses, attorney's fees and costs that accrue from the date of the filing of this motion through the date of the hearing.

19.    The property is not necessary for a successful reorganization of the debtors.

20.    The movant seeks relief from stay as a secured creditor to enforce its rights under its loan documents and applicable law. In support thereof, the movant states that it is entitled to relief as follows:

   I.    Pursuant to 11 U.S.C. 362 (d)(1) for cause on the basis that the debtors have not made post petition payments, and that the debtors have failed to provide the plaintiff with adequate protection;

   II.    Pursuant to 11 U.S.C. 362 (d)(2) on the basis that the debtors have no equity in the subject property and the property is not necessary for effective reorganization.

   WHEREFORE, the movant prays that it, and its successors and/or assigns, be granted relief from the stay for the purpose of: (i) exercising its rights under its agreements with the debtor and any co-debtors under applicable law, including, without limitation, taking possession of the mortgaged premises and/or foreclosing or accepting a deed in lieu of foreclosure of its mortgage on said premises; (ii) preserving its right to seek any deficiency to the extent permitted by state and federal law, including 11 U.S.C. §524(a); (iii) bringing such actions, including, without limitation,

summary process proceedings, as are permissible by law; and (iv) that the Court order such other and further relief as may be just and proper.

                                        Respectfully submitted,

                                        JPMorgan Chase Bank, N.A.,
                                        By its Attorney

                                        /s/ Rian K. Vernon
                                        Rian K. Vernon, Esquire
                                        BBO# 662635
                                        HARMON LAW OFFICES, P.C.
                                        P.O. Box 610345
                                        Newton Highlands, MA 02461-0345
                                        781-292-3900
                                        mabk@harmonlaw.com

Dated: September 29, 2009

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

IN RE:

Eric W. DeBeaucourt and Bonny C. DeBeaucourt

CHAPTER 13
CASE NO. 08-44040-HJB

CERTIFICATE OF SERVICE

     I, Rian K. Vernon, Esquire, state that on September 29, 2009, I electronically filed the foregoing Motion for Relief from Stay and Proposed Order with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

Richard King, Esquire, Assistant U.S. Trustee
Denise M. Pappalardo, Esquire Chapter 13 Trustee
Herbert Weinberg, Esquire for the Debtors
Patrick Martin, Esquire for the Debtors

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non CM/ECF participants:

                                           /s/ Rian K. Vernon
                                           Rian K. Vernon, Esquire
                                           BBO# 662635

Eric W. DeBeaucourt
10 John Riley Road
Ayer, MA 01432

Bonny C. DeBeaucourt
10 John Riley Road
Ayer, MA 01432

Dyck-O'Neal, Inc.
P.O. Box 13370
Arlington, TX 76094

HSBC Bank Nevada, N.A.
3936 E. Ft. Lowell Road, Ste. 200
Tuscon, AZ 85712

Chase Home Finance, LLC
P.O. Box 901038
Fort Worth, TX 76101

Town of Ayer
Office of the Tax Collector
P.O. Box 308
Ayer, MA 01432

RKK//200812-1618/DeBeaucourt, Eric

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>Eric W. DeBeaucourt and Bonny C. DeBeaucourt,<br><br>Debtors. | CHAPTER 13<br>CASE NO. 08-44040-HJB |

**Order Granting JPMorgan Chase Bank, N.A. Relief
From Stay And Leave To Foreclose Mortgage**

This matter has come before the Court, and after full consideration, and no objections having been filed after proper notice, it is hereby ordered that JPMorgan Chase Bank, N.A., its Successors and/or Assigns, Motion for Relief From Stay is hereby granted and the stay imposed by 11 U.S.C. §362 and/or 11 U.S.C. §1301 is hereby terminated and it may proceed to foreclose or accept a deed in lieu of foreclosure of the mortgage given by Eric W. DeBeaucourt and Bonny C. DeBeaucourt to JPMorgan Chase Bank, N.A. dated September 11, 2007 and recorded with the Middlesex County (Southern District) Registry of Deeds at Book 50084, Page 46 and which covers the premises located at 10 John Riley Road, Ayer, MA 01432, and may exercise its rights under said Mortgage, including preserving its right to seek any deficiency to the extent permitted by state and federal law, including 11 U.S.C. §524(a), and may bring such actions, including, without limitation, summary process proceedings, as are permissible by law, all as set forth in its Motion.

_____
Honorable Henry J. Boroff
United States Bankruptcy Judge

200812-1618